**Hardev SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75289.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 11, 2006.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Benton Peterson, Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Hardev Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002),

we grant the petition for review and remand.

The IJ's adverse credibility determination was not supported by substantial evidence. The IJ's finding that Singh was unable to provide sufficient details of his charitable activities or his father's arrests is contrary to the record. The IJ's finding that Singh did not have the level of political knowledge one would expect of someone in his position was speculative and therefore cannot support an adverse credibility determination. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000). Likewise, the IJ's finding that it was "illogical" that Singh's father had not been arrested since 1994 is also speculative and therefore an improper basis for an adverse credibility determination. *See id.* Lastly, the IJ declined to credit Singh's documentary evidence, including his two passports and driver's license, and was troubled by the lack of a birth certificate. However, corroborative evidence is not required to establish an applicant's credibility. *See Guo v. Ashcroft*, 361 F.3d 1194, 1200–01 (9th Cir. 2004).

The IJ also made an alternative determination on the merits, concluding that although Singh had demonstrated past persecution on account of political opinion, he was unlikely to face future persecution upon return to India. However, the IJ's decision does not reflect an application of the rebuttable presumption of a well-founded fear of future persecution that arises when a petitioner demonstrates past persecution. *See Gui*, 280 F.3d at 1229. We therefore remand to the BIA to determine whether the government has rebutted the presumption. *See INS v. Ventura,*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Singh has waived any challenge to the denial of his application for relief under the CAT by not raising it in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.